**CORRECTED**

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 22-0234V
(not to be published)

| | |
|---|---|
| ROBERT THOMSON, <br><br>           Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>         Respondent. | Chief Special Master Corcoran <br><br> Filed: May 18, 2023 <br><br> Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY, for Petitioner.*

*Steven Santayana, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 2, 2022, Robert Thomson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine he received on October 17, 2019. Petition at 1. On April 3, 2023, I issued a Decision awarding compensation to Petitioner, following briefing and expedited Motions Day argument by the parties. ECF No. 34.

Petitioner has now filed a motion for attorney's fees and costs, requesting a total award of $29,536.06 (representing $28,678.90 in fees and $857.16 in costs). Petitioner's Application for Attorneys' Fees and Costs, ECF No. 38. In addition, in accordance with

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 38-3.

Respondent reacted to the motion on April 5, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 39.

On April 8, 2023, Petitioner filed a supplemental brief to support his application for Attorney's Fees and Costs. ECF No. 40. Having considered the requested hourly rate increase and following review of the billing records submitted with Petitioner's requests, I find a reduction in the amount of fees and costs to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for attorney Jimmy Zgheib; associates Jennifer Sayad and AnnMarie Sayad; and paralegals at the following rates:

|                | 2019   | 2020             | 2021             | 2022             | 2023             |
|----------------|--------|------------------|------------------|------------------|------------------|
| Jimmy Zgheib   | $243   | $275             | $300             | $330             | $380             |
| Jennifer Sayad | X      | $320             | $340             | $360             | X                |
| AnnMarie Sayad | X      | $275             | $300             | X                | $380             |
| Paralegals     | $156   | $125-$163        | $148 - $172      | $165 - $177      | $175 - $186      |

ECF No. 38-1. The requested rates for time billed between 2019 and 2022 are reasonable and consistent with what has previously been awarded for work these attorneys have performed for other petitioners.

For time billed in 2023, however, both Mr. Zgheib and Ms. AnnMarie Sayad have previously been awarded the rate of $360 for time billed in 2023. *See Meharry v. Sec'y of Health & Hum. Servs.,* No. 21-1480V, Slip Op. 45, (Fed. Cl. Spec. Mstr. April 7, 2023); *Grizzell v. Sec'y of Health & Hum. Servs.,* No. 21-1191V, Slip Op. 36 (Fed. Cl. Spec. Mstr. Apr. 7, 2023). Accordingly, I will reduce Mr. Zgheib and Ms. Sayad's rates to $360 per hour for 2023, to be consistent with what has been previously awarded. This results in a reduction of **$248.00**.[3]

Regarding the number of hours billed, I note this case required additional briefing regarding the issue of damages and participation in an expedited Motions Day. *See* Petitioner's Motion for a Ruling on the Record, filed Nov. 14, 2022, ECF No. 19; Joint Status Report, filed Jan. 23, 2023, ECF No. 28 (reporting an impasse in damages discussions); Petitioner's Responsive Damages Briefing, Feb. 8, 2023, ECF No. 29; Hearing Minute Entry, dated Mar. 30, 2023 (regarding the March 24, 2023 hearing). Petitioner's counsel expended approximately 9.5 hours drafting the motion for a ruling on

---

[3] This amount is calculated as follows: $380 - $360 = $20 x 12.4 hrs. = $248.

the record and 2.5 hours drafting the responsive damages briefing. ECF No. 38-1 at 7, 10. I find this amount of time to be reasonable.

## ATTORNEY COSTS

Petitioner requests $857.16 in overall costs. ECF No. 38-2. He has provided receipts for all but one claimed expense of $87.10. *Id.* By email correspondence, Petitioner's counsel confirmed that the cost was mistakenly included in this case. *See* Informal Remark, dated May. 18, 2023. Therefore, I will reduce the amount of costs awarded by this amount, **$78.10.** I find the remainder of the requested costs to be reasonable.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$29,209.96** (representing $28,430.90 in fees and $779.06 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.